UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE KOCORAS
MAGISTRATE JUDGE COX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 14 CR 546 |
| | ) | |
| | ) | Violation: Title 18, |
| v. | ) | United States Code, Section |
| | ) | 1343 |
| | ) | |
| NIKESH A. PATEL | ) | **INDICTMENT** |

FILED

DEC 0 2 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL SEPTEMBER 2014 GRAND JURY charges:

1.     At times material to this indictment:

    a.     The United States Department of Agriculture administers various business programs to further its mission of supporting rural communities and enhancing the quality of life for rural residents by improving economic opportunities, community infrastructure, environmental health, and the sustainability of agricultural production.

    b.     One of the programs administered by the USDA is the Business and Industry Guaranteed Loan Program. The purpose of the B&I Guaranteed Loan Program is to improve, develop, or finance business, industry, and employment and improve the economic and environmental climate in rural communities. As part of the program, the USDA would guarantee a percentage of a loan issued to a borrower who was engaged in, or proposing to become engaged in a business that provided employment; improved the economic or environmental climate; promoted the conservation, development, and use of water for aquaculture; or reduced

reliance on nonrenewable energy resources by encouraging the development and construction of solar energy systems and other renewable energy systems.

   c.  First Farmers Financial LLC., formerly known as First Farmer's Bancorp, was a business located in Orlando, Florida, Fitzgerald, Georgia, and Los Angeles, California, which, among other things, purportedly acted as a non-traditional lender engaged in government-guaranteed lending under programs authorized by the USDA.

   d.  Defendant NIKESH A. PATEL was the Chairman and CEO of First Farmers.

   e.  Co-Schemer A was the President and Chief Operating Officer of First Farmers.

   f.  Business A was a Milwaukee-based investment advisor that, among other things, acquired government guaranteed loans, including USDA loans originated by third-party USDA approved lenders, for Business A's clients. Business A's clients included community banks and fiduciaries such as ERISA-covered retirement plans, municipalities, and political subdivisions located in Illinois and elsewhere. Business A had a Lisle-based affiliate that acted as a custodian for the funds of Business A's clients.

2.      Beginning not later than September 2011, and continuing through approximately September 2014, in the Northern District of Illinois and elsewhere,

NIKESH A. PATEL,

defendant herein, individually and together with Co-Schemer A, knowingly devised and intended to devise a scheme to defraud and to obtain money from Business A and its clients by means of materially false and fraudulent pretenses, representations, promises and concealment of material facts, which scheme is further described below.

3.      It was part of the scheme that defendant PATEL sold approximately 26 loans to Business A and its clients under the false pretense that those loans were guaranteed by the USDA and, in connection with each loan, submitted fabricated loan documents falsely reflecting that the USDA guaranteed a portion of the loan's principal amount, and thereby caused Business A to provide approximately $179 million to defendant PATEL and First Farmers.

4.      It further was part of the scheme that defendant PATEL and Co-Schemer A created and submitted, and caused the creation and submission of, documents to the USDA that contained false representations, including false representations regarding assets held by First Farmers and other individuals who had agreed to serve as officers of First Farmers, in order to obtain certification to participate in the USDA's B&I Guaranteed Loan Program by becoming a USDA-approved non-traditional lender.

3

5.    It was further part of the scheme that, in or about April 2012, the USDA authorized First Farmers to act as an eligible lender as part of its B&I Guaranteed Loan Program based, in part, on the false representations submitted, and caused to be submitted, by defendant PATEL and Co-Schemer A.

6.    It was further part of the scheme that, between approximately May 2013 and September 2014, defendant PATEL and Co-Schemer A submitted, and caused the submission of, loan packages to Business A for approximately 26 loans that had purportedly been issued by First Farmers to borrowers in Florida and Georgia with principal amounts ranging from $2,500,000 to $10,000,000. Each of the loan packages contained documents, including "Assignment Guarantee Agreements," "Term Notes," and "Loan Note Guarantees," that falsely reflected that First Farmers had issued a loan to a borrower and that the USDA had guaranteed a portion of the loan when, as defendant knew, First Farmers had not issued such loans and the USDA had not guaranteed such loans.

7.    It was further part of the scheme that, in connection with the submission of the loan packages to Business A, defendant PATEL created names for fictitious businesses that purportedly borrowed money from First Farmers, created fictitious USDA loan identification numbers, forged the signatures of USDA employees on Assignment Guarantee Agreements and Loan Note Guarantees, and falsely attested that information contained on various documents was "true and correct" when he knew the information to be false.

8.    It was further a part of the scheme that, as a result of the fraudulent

4

loan packages submitted to Business A, defendant PATEL and Co-schemer A caused Business A to provide approximately $179 million to First Farmers for the acquisition of these loans.

9.     It was further a part of the scheme that defendant PATEL and Co-schemer A opened bank accounts at BMO Harris, PNC Bank, and elsewhere, and caused the funds from Business A to be transferred into those accounts.

10.     It was further a part of the scheme that defendant PATEL and Co-schemer A used funds they obtained from Business A and its clients to pay personal and unrelated business expenses.

11.     It was further a part of the scheme that, in or about March 2013, in order to induce Business A to acquire USDA guaranteed loans from First Farmers, defendant PATEL and Co-schemer A created, and caused the creation of, false financial statements and balance sheets for First Farmers for calendar years 2011 and 2012, and the first two months of 2013, and caused those false financial statements and balance sheets to be submitted to Business A, even though defendant PATEL and Co-Schemer A knew that the information contained in the financial statements and balance sheets was false.

12.     It was further a part of the scheme that, in or about April 2014, in order to induce Business A to expand and increase the amount of USDA guaranteed loans they acquired from First Farmers, defendant PATEL and Co-schemer A created, and caused the creation of, false audited financial statements for First Farmers for calendar year 2013, and caused those false financial statements to be

submitted to Business A, even though defendant PATEL and Co-Schemer A knew that the information contained in the financial statements was false, and that the CPA who was identified as the auditor who prepared the financial statements was a fictitious individual.

13.    It was further a part of the scheme that, in or about April 2014, defendant PATEL and Co-schemer A created, and caused the creation of, a biography for the fictitious individual whom they represented to Business A to be the CPA who purportedly audited First Farmers' financial statements for calendar year 2013, and submitted this fictitious biography to Business A.

14.    It was further a part of the scheme that defendant PATEL and Co-schemer A concealed, misrepresented and hid, and caused to be concealed, misrepresented and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

15.    On or about December 9, 2013, in the Northern District of Illinois, and elsewhere,

NIKESH A. PATEL,

defendant herein, for the purpose of executing the aforesaid scheme, knowingly caused to be transmitted by means of wire communications in interstate commerce certain signs signals namely, an e-mail containing false financial statements and balance sheets for First Farmers from Orlando, Florida to Business A through a server located in Lisle, Illinois;

In violation of Title 18, United States Code, Section 1343.

6

## COUNT TWO

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1.      Paragraphs 1 through 14, of Count One are incorporated here.

2.      On or about July 19, 2013, in the Northern District of Illinois, and elsewhere,

NIKESH A. PATEL,

defendant for the purpose of executing the aforesaid scheme, knowingly caused to be transmitted by means of wire communications in interstate commerce certain signs signals namely, a wire transfer of approximately $14,243,902.43 from Business A to First Farmers' account at BMO Harris Bank;

In violation of Title 18, United States Code, Section 1343.

7

## COUNT THREE

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1.      Paragraphs 1 through 14, of Count One are incorporated here.

2.      On or about July 26, 2013, in the Northern District of Illinois, and elsewhere

### NIKESH A. PATEL,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, knowingly caused to be transmitted by means of wire communications in interstate commerce certain signs signals namely, a wire transfer of approximately $12,682,926.82 from Business A to First Farmers' account at BMO Harris Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1.     Paragraphs 1 through 14, of Count One are incorporated here.

2.     On or about February 19, 2014, in the Northern District of Illinois, and elsewhere,

### NIKESH A. PATEL,

defendant, for the purpose of executing the aforesaid scheme, knowingly caused to be transmitted by means of wire communications in interstate commerce certain signs signals namely, a wire transfer of approximately $16,902,439.02 from Business A to First Farmers' account at BMO Harris Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1.     Paragraphs 1 through 14, of Count One are incorporated here.

2.     On or about September 25, 2014, in the Northern District of Illinois, and elsewhere,

NIKESH A. PATEL,

defendant, for the purpose of executing the aforesaid scheme, knowingly caused to be transmitted by means of wire communications in interstate commerce certain signs signals namely, an e-mail from First Farmers in Orlando, Florida to Business A through a server in Lisle, Illinois;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL SEPTEMBER 2014 GRAND JURY alleges:

1.    Upon conviction of an offense in violation of Title 18, United States Code, Sections 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $179 million.

3.    If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

11